[No. 7,216.—Department Two.]

## TARTAN SMITH *v.* D. H. ARNOLD.

NEW TRIAL—EVIDENCE.—*Held,* that the verdict in this case should not be disturbed, on the ground of insufficiency of the evidence to justify it, there being some evidence to sustain it on every point on which the case was contested.

ID.—INSTRUCTION.—The plaintiff, in replevin, claimed to have acquired the property in controversy by purchase from L. The ownership of L. was put in issue, and also the good faith of plaintiff's purchase. *Held,* that it was error to instruct the jury, that, unless the defendant showed by a preponderance of evidence the plaintiff was not a purchaser in good faith of the property, they must find for the plaintiff, as such instruction took from the jury the consideration of the issue as to the ownership of L.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Superior Court of Colusa County. HATCH, J.

*Stewart, Van Clief & Herrin,* for Appellant.

*A. L. Hart,* and *T. J. Hart,* for Respondent.

THORNTON, J. :

This action was instituted to recover of the defendant certain personal property, which it is alleged by plaintiff he was the owner of, and that defendant unlawfully detains it from him. The defendant by his answer denied plaintiff's alleged ownership, and justified the said taking and detention by him as sheriff of the county of Colusa, under certain writs of attachment which came to his hands to be executed in two certain actions

issued out of the District Court for the county aforesaid, in one of which said actions one George W. Ware was plaintiff, and Ah Sam, See Sing, Ma Ah Ming, and Rhen Kong were defendants; and in the other of said actions Khen Kong was plaintiff, and Ah Sam, See Sing, and Ma Ah Ming were defendants; that, under these said writs, he seized and took into possession and holds the property sued for, which is the property of the above-named Ah Sam, See Sing, and Ma Ah Ming. The cause was tried by a jury, who returned a verdict for the plaintiff, that defendant return the property, or pay the value thereof, assessed at $100. Defendant moved for a new trial, which was denied, and he appealed to this Court from the order denying a new trial, and from the judgment.

It is urged here, that the evidence is insufficient to sustain the verdict. We have examined the evidence, and are of opinion that there is some evidence to sustain the verdict on every point on which the case was contested, and that it (the verdict) should not be disturbed on any such ground.

The plaintiff claimed to make out title to the property by virtue of a bill of sale from one Lin Song to him. The ownership of Lin Song was put in issue by the pleadings, and evidence on that issue, *pro* and *con*, had been offered on the trial, and was before the jury for consideration. In this condition of things, the Court instructed the jury, " that unless the defendant shows by a preponderance of evidence that the plaintiff was not a purchaser in good faith, and for a valuable consideration, of the property in controversy, they must find for the plaintiff."

By this direction, the Court, in effect, took from the jury the consideration of the issue as to whether the property sued for was the property of Lin Song, the vendor of the plaintiff. If the jury came to the conclusion that Lin Song never owned the property sued for, it was not necessary for them to determine any other issue. If this issue was found against plaintiff, that was an end of his case. This instruction was a misdirection. On account of this error, a new trial should have been granted.

It was contended by plaintiff, that this instruction was not excepted to by the defendant. But on an examination of the record, we find that it was. The statement of the exception was inserted near the end of the statement—an unusual place;

still the record of the case shows that the point was reserved by exception.

It follows from the foregoing, that the judgment and order denying a new trial must be reversed, and the cause remanded to the Superior Court of the county of Colusa to be tried anew. So ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.